UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| SARAH CORNETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 20-261-DCR |
| ) | |
| V. ) | |
| ) | |
| STUDENT LOAN SOLUTIONS, INC., ) | **MEMORANDUM OPINION** |
| et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

Plaintiff Sarah Cornett filed a complaint in the Fayette Circuit Court alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.* The defendants removed the action to this Court on June 18, 2020. [Record No. 1] Cornett has now moved to stay the proceedings, asking this Court to abstain pursuant to the doctrine outlined in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). For the reasons explained below, Cornett's motion to stay will be granted.

**I.**

This action arises out of a dispute over the collection of a debt incurred by Cornett. Defendant Student Loan Solutions, Inc., filed a debt collection action in Fayette Circuit Court on November 8, 2019, Civil Action No. 19-CI-03999, styled: *Student Loan Solutions, Inc. v. Sarah Cornett*. [Record No. 9-1] Cornett answered and filed counterclaims on December 16, 2019, alleging unfair debt collection practices under state and federal law. [Record No. 9-2]

- 1 -

In May 2020, she sought leave to file amended counterclaims and add the remaining defendants (Williams & Fudge, Inc., The Law Offices of Sarah Okrzynsk, LLC, Sarah A. Okrzynsk, and Pamela S. Petas) as third-party counterclaim defendants. [Record Nos. 9-8 and 13-1] Her motion was granted by the state court on July 18, 2020. [Record No. 10-1]

While the motion to amend was pending, Cornett filed another action in Fayette Circuit Court on June 10, 2020. [Record No. 1-1] She alleges that she did so to forestall arguments that her claims under the FDCPA, which contains a one-year statute of limitations, were time-barred. [Record No. 9, at p. 4] The defendants subsequently removed the second action to this Court on June 18, 2020. [Record No. 1] Cornett then moved to stay this proceeding and the motion has been fully briefed.

## II.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. In limited circumstances, however, a federal court will abstain from exercising its jurisdiction and defer to the concurrent jurisdiction of a state court. *Id.* at 817–18. Abstention is an "extraordinary step," taken only in "extraordinary cases." *Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp. 2d 609, 612 (E.D. Ky. 2010). Accordingly, this Court must undertake a careful, two-step inquiry to determine whether abstention is proper. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339–41 (6th Cir. 1998).

The Court must first "determine that the concurrent state and federal actions are actually parallel." *Id.* at 339. Absent parallelism, the *Colorado River* doctrine does not apply, and the inquiry ends. But if the two actions are parallel, the Court will proceed to the second step: that

is, "determining whether extraordinary circumstances justifying abstention are present." *Total Renal Care, Inc.*, 743 F. Supp. 2d at 615.

    a.  **Parallelism**

In deciding whether the state court and federal court proceedings are parallel, the Court will look to whether they are "substantially similar." *Romine*, 160 F.3d at 340 (citations omitted). "Exact parallelism is not required." *Id.* Rather, the actions will be considered parallel if they "are predicated on the same allegations as to the same material facts." *Id.* Additionally, the parties in the state court proceedings need not be identical to those in the federal case. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990).

In this action, Cornett alleges violations of the FDCPA and KCPA committed by the defendants. [Record No. 1-1] Specifically, her allegations stem from six collection letters, a collection complaint, and an answer to an interrogatory. [*Id.*] Her counterclaims contain the same material facts and allege the same violations in the first Fayette Circuit Court proceeding. [Record No. 9-8] There is no doubt that these claims are "substantially similar." *Romine*, 160 F.3d at 340.

Further, the defendants' arguments against parallelism are unavailing. They admit the cases are similar, but claim they "become much less similar after the state court is provided an opportunity to dispose of Cornett's statute of limitations claims and rule on the mis-joinder of Williams and Fudge, Inc., the Law Office of Sarah A. Okrzynski, LLC, Sarah A. Okrzynski, and Pamela S. Petas." [Record No. 11 at p. 3] However, the Fayette Circuit Court granted Cornett leave to add those third-party defendants that were, according to the defendants, improperly joined. [Record 10-1] And the parallelism analysis assesses state court actions as

they are, not as they may become. *See, e.g.*, *Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 395 (6th Cir. 2019) ("[Courts] may examine only claims that were made, not claims that might have been made."). In short, the federal and state court actions are parallel for purposes of abstention.

### b. *Colorado River* Factors

Having concluded that the federal and state court actions are parallel, this Court must consider eight relevant factors. *Romine*, 160 F.3d at 340–41. Those are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) the need to avoid piecemeal litigation; (4) the order in which the jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiffs' rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.* at 340–41.

The Court does not treat these eight factors as "a mechanical checklist." *Id.* at 341. The second step of the *Colorado River* inquiry rather requires 'a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). And the third factor (i.e., the danger of piecemeal litigation) is accorded the most weight in this balance. *Romine*, 160 F.3d at 341 (quoting *Moses H. Cone*, 460 U.S. at 19)).

Accordingly, this Court's primary focus is whether its exercise of concurrent jurisdiction risks piecemeal litigation. "The threat of piecemeal results is . . . especially high" where different courts adjudicate an identical issue. *Romine*, 160 F.3d at 341. "[B]y resolving

a claim already considered in a state court, a federal court would [] be creating piecemeal litigation within the meaning of this factor, by duplicating the resolution of the very same issue in different courts." *Preferred Care of Del., Inc. v. Vanarsdale*, 676 F. App'x 388, 395 (6th Cir. 2017) (citing *Romine*, 160 F.3d at 341).

Here, where the issues and parties involved are identical, the risk of piecemeal litigation is high. Cornett notes that this action was initially filed in state court for one reason: to protect her FDCPA claims while her motion to add the identical counterclaims was pending. [Record No. 9, at p. 4] And the defendants' choice to remove this action to federal court has "muddied the waters." *Lattanzio v. Brunacini*, No. 5: 16-cv-171-DCR, 2016 WL 7177610, at *5 (E.D. Ky. Dec. 8, 2016). Despite the importance of the third factor, the defendants' response fails to address it. In light of the above, and absent any argument to the contrary, the most significant factor in the Court's analysis favors abstention. The undersigned reaches the same conclusion regarding the fourth factor.

It is clear from the record that the Fayette Circuit Court obtained jurisdiction over the claims and counterclaims prior to removal. Student Loan Solutions, Inc., filed its collection lawsuit on November 8, 2019. [Record No. 9-1] Cornett filed her initial counterclaims on December 16, 2019. [Record No. 9-2] She then sought leave to amend those counterclaims to include the remaining defendants on May 20, 2020, or twenty-eight days before this action was removed to federal court. [Record No. 13-1] Although this time difference is not significant, factor four weighs in favor of abstention.

Other factors which weigh in favor of abstention do not warrant lengthy discussion. Factor six asks the Court to consider whether the state court action can adequately protect the

rights of the federal plaintiff. Where Congress provides a state court jurisdiction to hear federal claims, this Court assumes that state court is adequate. *Romine*, 160 F.3d at 342. The Fayette Circuit Court is capable of safeguarding Cornett's rights. Next, factor seven looks to the relative progress of the state and federal court actions. The state court action has seen a motion to dismiss and some discovery. [Record No. 9, at p. 12] The recently-added defendants have yet to respond to the amended counterclaims. [Record No. 11, at pp. 5–6]. Here, the parties have served initial disclosures. [Record No. 12] This factor weighs in favor of abstention, but only slightly. The eighth factor also weighs in favor of abstention, as the Fayette Circuit Court possesses concurrent jurisdiction.

Three factors weigh in favor of this Court exercising jurisdiction. There is no real property at issue, so the first factor does not support abstention. Regarding the second factor, the parties agree that the federal courthouse is convenient to them. [Record Nos. 9, at p. 9; 11, at p. 4]

The fifth factor (i.e., the source of governing law) also weighs in favor of exercising jurisdiction. The claims brought pursuant to the FDCPA ordinarily would be "a strong argument against abstention." *Romine*, 160 F.3d at 342. And while their existence does weigh in favor of exercising jurisdiction, "the source-of-law factor has less significance where the federal courts' jurisdiction to enforce the statutory rights in question is concurrent with that of the state courts." *Id.* (cleaned up) (quoting *Moses H. Cone*, 460 U.S. at 25). FDCPA actions "may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d). Additionally, as in *Romine*, this Court has only supplemental or pendent jurisdiction over Cornett's KCPA claims. These "need not be

adjudicated, whereas in state court both state and federal claims are equally enforceable." *Romine*, 160 F.3d at 342.  On balance, the fifth factor weighs against abstention, but not significantly.

In summary, most of the factors—including the most significant factor—weigh in favor of abstention.  Cornett sought the same remedy in a single forum.  This action was brought in state court solely to preserve potentially time-barred claims while her motion to supplement her counterclaims was pending.  Now that it has been removed to this Court, proceeding in this action risks complicating both parallel proceedings.  Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Sarah Cornett's motion to stay [Record No. 9] is **GRANTED**.

2. This action is hereby **STAYED** pending adjudication of the parallel action in Fayette County Circuit Court, Civil Action No. 19-CI-03999.  The parties are directed to file status reports each sixty days while the state court action remains pending and otherwise notify this Court if the state court action is resolved, dismissed, or otherwise concluded.  In the event the matter is not concluded in an expeditious manner, the Court may revisit this ruling.

Dated:  August 28, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky